## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

June 9, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE HERNDON, WIDOW OF
PAUL HERNDON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0059** (BOR Appeal No. 2047448)
                   (Claim No. 2001053909)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PINE CREEK MINING, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Connie Herndon, widow of Paul Herndon, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mark Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 17, 2012, in which the Board affirmed a June 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 21, 2010, decision which denied a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Herndon, a coal miner, developed occupational pneumoconiosis in the course of his employment. He was granted a total award of 15% permanent partial disability in his lifetime for the disease. Mr. Herndon had a long history of chronic lung problems. Between 2003 and his death in 2009, he was admitted to the hospital numerous times for treatment of pneumonia and bronchitis as a result of chronic obstructive pulmonary disease and emphysema. An April 21, 2008, chest x-ray revealed extensive emphysematous changes with areas of apparent scarring, a nodule in the left upper lobe, and a mild right lower lobe infiltration. An x-ray taken in February of 2009 showed chronic obstructive pulmonary disease with bilateral upper lobe emphysema. A chest CT taken shortly before his death revealed severe emphysematous changes within both lungs. It also showed superimposed patchy areas of opacity within the inferior right upper lobe, right middle lobe, and bilateral lung bases. There were stable areas of parenchymal scarring in the left upper lobe but no evidence of pulmonary fibrosis. Mr. Herndon passed away on June 28, 2009. His death certificate listed the causes of death as multi-focal pneumonia, occupational pneumoconiosis, coronary artery disease, hypertension, hyperlipidemia, and nocardia.

The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material, contributing factor in Mr. Herndon's death. After a record review, Dominic Gaziano, M.D., disagreed with the Board in a letter dated January 25, 2011. He opined that Mr. Herndon had occupational pneumoconiosis as was shown by interstitial changes consistent with the disease. He stated that chronic obstructive pulmonary disease or emphysema could also be attributed to presumptive occupational pneumoconiosis and could be caused by both cigarette smoking and coal dust exposure. He opined that the fact that Mr. Herndon died of pneumonia indicates that occupational pneumoconiosis was a major contributing factor in his death because pulmonary function tests showed severe pulmonary impairment. He opined that the usual mode of death in someone with end-stage occupational pneumoconiosis is terminal pneumonia and Mr. Herndon's residual pulmonary reserve of 30% greatly diminished his ability to survive the pneumonia. He found that the other causes of death on the death certificate were not significant.

Donald Rasmussen, M.D., reviewed Mr. Herndon's records and opined in a letter that coal mine dust exposure was a major cause of Mr. Herndon's disabling, fatal lung disease. He stated that cigarette smoking and coal mine dust exposure can both cause bullous emphysema and opined that there is no way to distinguish between the effects of cigarette smoke and coal mine dust. Therefore, both factors must be considered contributing causes in the death. Gregory Fino, M.D., also performed a record review. He, however, agreed with the findings of the Occupational Pneumoconiosis Board. He found a cigarette smoking history of fifteen pack years and determined that Mr. Herndon's primary lung abnormality was severe bullous emphysema. Dr. Fino opined that bullous emphysema is unrelated to, and not caused by, occupational dust exposure. It was noted that a person does not have to be a heavy smoker in order to develop bullous emphysema. It can be, and often is, hereditary.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on June 6, 2012. Jack Kinder, M.D., testified on behalf of the Board that Mr. Herndon

was an underground coal miner for thirty-two years. He ceased smoking in 1981 and had a fifteen pack year history. Dr. Kinder opined that Mr. Herndon had several lung diseases including chronic obstructive pulmonary disease and emphysema. He further stated that Mr. Herndon's overwhelming disease was bullous emphysema caused by tobacco use and/or genetics. The minimal, if any, pneumoconiosis identified on x-rays did not contribute to his death. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The claims administrator denied Mrs. Herndon's request for dependent's benefits on July 21, 2010. The Office of Judges affirmed the claims administrator's denial in its June 25, 2012, Order. It found that Mr. Herndon suffered from non-work-related bullous emphysema connected to cigarette smoking and/or genetics. While Drs. Rasmussen and Gaziano opined that occupational pneumoconiosis played a material, contributing role in his death, the Office of Judges determined their opinions were discounted by the fact that the doctors reviewing the claim found minimal, if any, occupational pneumoconiosis present. The Office of Judges therefore found that a preponderance of the evidence failed to show that occupational pneumoconiosis either caused or materially contributed to Mr. Herndon's death.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 17, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). The evidentiary record indicates that occupational pneumoconiosis was not a material, contributing factor in Mr. Herndon's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3